**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CARLOS XAVIER ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-931-JD** |
| | ) | |
| **DEPARTMENT OF CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate appearing *pro se*,[1] has filed a complaint alleging violation of his civil rights. (Doc. 1). United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). (Doc. 3). Based on Plaintiff's failure to file an *in forma pauperis* motion, or in the alternative, to pay the filing fee, the undersigned recommends that the court **DISMISS** the action without prejudice to the re-filing.

Plaintiff filed his Complaint on August 14, 2025. (Doc. 1, at 7). On August 19, 2025, the court notified Plaintiff that it had received his Complaint but that he had failed to submit an application to proceed *in forma pauperis* or to pay the filing fee. (Doc. 4, at

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

1). The court ordered Plaintiff to cure these deficiencies on or before September 9, 2025. (*Id.* at 2). The Order warned Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this action." (*Id.*) To date, Plaintiff has failed to provide the court a proper application to proceed *in forma pauperis* or to pay the $405 filing fee, as ordered.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916–17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted . . . to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute") (internal quotation marks omitted); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks omitted). And, if dismissal is without prejudice, the court may dismiss "without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

Plaintiff's failure to submit a proper application to proceed *in forma pauperis* or to pay the filing fee leaves the court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962) (discussing the "inherent power" of a court to dismiss suits for lack of prosecution on its own initiative). As outlined above, the court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation. Accordingly, the undersigned recommends that the court **DISMISS**

Plaintiff's action for failure to cure his deficiencies without prejudice to the re-filing. (Doc. 1).

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 14, 2025**, under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this matter and terminates the referral.

**ENTERED** this 22nd day of September, 2025.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE