# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS XAVIER ROSS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-00931-JD |
| WARDEN, Department of Corrections, official capacity; STAFF, Department of Corrections, official capacity; and DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) |
|     Defendants. | ) ) |

## ORDER

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Amanda L. Maxfield on September 22, 2025. [Doc. No. 5]. Judge Maxfield previously ordered Plaintiff Carlos Xavier Ross on August 19, 2025, to cure deficiencies in his filings by September 9, 2025. [Doc. No. 4]. Specifically, Judge Maxfield instructed Plaintiff to either pay the filing fee or file a motion for leave to proceed in forma pauperis. *Id.* at 1–2. Judge Maxfield warned that failure to comply with her order may result in the dismissal of the action. *Id.* at 2. Plaintiff did not comply or file anything further with the Court in response to Judge Maxfield's August 19, 2025 order.

In the Report and Recommendation, Judge Maxfield recommends that the Court dismiss this action without prejudice for Plaintiff's failure to comply with the order to cure deficiencies. [Doc. No. 5 at 2]. Judge Maxfield advised Plaintiff of Plaintiff's right to object to the Report and Recommendation by October 14, 2025, and Judge Maxfield

warned that failure to timely object to the Report and Recommendation would waive appellate review of the findings and recommendations therein. *Id.* at 3.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Plaintiff did not object to the Report and Recommendation, and neither exception to the firm waiver rule applies. Judge Maxfield advised Plaintiff of the time period for objecting and the consequences of failing to timely object. [Doc. No. 5 at 3]. The interests of justice do not require review, as Plaintiff has not explained his effort to comply or his lack of objection. Alternatively, although the Court is not required to

2

review the record and law de novo, it has done so and determines that the Report and Recommendation should be adopted in full.

Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 5] and DISMISSES the action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 22nd day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE